1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6   SAM DONAGHE,

7                                    Plaintiff,          No.13-6040RJB-KLS

8           v.                                           **REPORT AND RECOMMENDATION**
                                                        **Noted for:  MARCH 7, 2014**
9   WES DIAZ, DARYL WEEKS, CATHI
    HARRIS, THE SPECIAL
10  COMMITMENT CENTER, THE
    DEPARTMENT OF SOCIAL HEALTH
11  SERVICES, HEATHER SACHA, and
    JOHN DOE,
12
13                                   Defendants.

14          Presently before the Court is Plaintiff's motion to dismiss this action without prejudice.

15  The Court considers this motion as a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A).

16  Dkt. 13.  Having carefully considered the motion, the Court finds that the motion should be

17  granted and that Plaintiff's action should be dismissed without prejudice.

18
19                                      **BACKGROUND**

20          Plaintiff filed this action on December 5, 2013 alleging that staff at the Special

21  Commitment Center destroyed his computer and computer equipment in violation of plaintiff's

22  "First, Fourth, Fifth, Sixth, Eighth, and Fourteenth" Amendment rights.  Dkt. 5. p. 2.  Prior to the

23  defendants answering the complaint or moving for summary judgment plaintiff has filed a

24  "motion to withdraw action C13-6040RJB/KLS without prejudice."  Dkt. 5.

25                                       **DISCUSSION**
26

REPORT AND RECOMMENDATION - 1

Plaintiff has an absolute right to dismiss his action prior to an answer or summary judgment being filed. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) **"**When a plaintiff files a notice of dismissal under 41(a)(1), that act itself 'closes the file.'" *Samho Co. Ltd. V. Sorks-Iturup*, 254 Fed. Appx 569 (9th Cir. 2007); (*citing Duke Energy Trading and Marketing, LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir.2001). The Court considers plaintiff's motion to be equivalent to a notice to dismiss and Plaintiff filed his motion prior to any answer or motion for summary judgment being filed. Accordingly the Court recommends granting the motion and dismissing this action without prejudice. An order from the Court is needed only because plaintiff filed a motion rather than a notice of dismissal.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March 7, 2014, as noted in the caption.

**DATED** this 14th day of February, 2014.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2